UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATIE ANNE PLATTE, ASHLEY BERDEN,
CULLIN STEWART, and SAMUEL
PAUL MANESS,

        Plaintiffs,

v.

        Case Number 05-10200-BC
        Honorable David M. Lawson

THOMAS TOWNSHIP, a Municipal Corporation;
CITY OF MOUNT PLEASANT, a Municipal
Corporation; STANLEY A. DINUS, in his official
capacity as Director 1 Chief of Police of the
Central Michigan University Police Department;
ISABELLA COUNTY, a Municipal Corporation;
JENNIFER M. GRANHOLM, in her Official
Capacity as Governor of the State of Michigan;
COLONEL TADARIAL STURDIVANT, in his
Official Capacity as Director of the Michigan
Department of State Police,

        Defendants.
_____ /

**ORDER VACATING APRIL 11, 2006 ORDER AND JUDGMENT, REJECTING IN PART DEFENDANT CITY OF MOUNT PLEASANT'S SECOND REVISED OFFER OF JUDGMENT AND PLAINTIFFS MANESS AND STEWART'S ACCEPTANCE THEREOF, AND GRANTING STIPULATION FOR PRELIMINARY INJUNCTION**

On April 11, 2006, this Court issued an order and judgment approving defendant City of Mount Pleasant's second revised offer of judgment and plaintiffs Maness and Stewart's acceptance thereof. The Court summarized the terms of the offer of judgment as follows:

> Under the terms of the offer, defendant City of Mount Pleasant agrees to pay a judgment in the amount of $5000 jointly to plaintiffs Maness and Stewart inclusive of all costs and attorneys fees incurred to the present date. The City of Mount Pleasant further agrees to the plaintiffs' request for preliminary injunction, which would prohibit the City from enforcing Mich. Comp. Laws § 436.1703(6) to the extent that it authorizes police officers to force minor, non-drivers to submit to warrantless breathalyzer tests upon penalty of a civil infraction. The injunction would continue until such time as there has been a final judicial determination or declaration as to the constitutionality of the section 436.1703(6). The City of

Mount Pleasant agrees to comply with any and all requirements of the final judicial determination.

Since the order was entered, the Court has had occasion to revisit the requirements of Rule 68, specifically, what constitutes a valid offer of judgment. As a general rule, an offer of judgment may not be based on contingencies, such as the occurrence or non occurrence of certain events in the future. *Arkla Energy Resources, a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 860 (10th Cir. 1993) (noting that an ambiguous offer is insufficient under Rule 68); *United States v. Bauman*, 56 F. Supp. 109, 117 (D. Or. 1943) (explaining that "[t]he principle is followed that a judgment must be certain . . . unconditional in effect. Even in declaratory judgments the courts do not attempt to fix rights which are contingent or uncertain as to definite fulfillment. Instead, no judgment is rendered until the rights have become fixed under an existing state of facts"). In this case, it appears that judgment is conditioned on a judicial determination as to the constitutionality of section 436.1703(6). As such, the judgment resulting from the parties' agreement under Rule 68 likely is void. *Baumann*, 56 F. Supp. at 117. The Court therefore will vacate the order and judgment issued with respect to defendant City of Mount Pleasant and plaintiffs Maness and Stewart.

Nonetheless, the Court believes that the offer and acceptance reflect an intent of the parties to stipulate to the entry of preliminary injunction until such time as a ruling on the constitutionality of section 436.1703(6) has been made. However, the issue concerning a permanent injunction and an award of money damages is one appropriately resolved by judicial decision and not by an offer of judgement under Rule 68 conditioned upon future events.

Accordingly, it is **ORDERED** that the Court's April 11, 2006 order and judgement of the same date [dkt #s 57, 58] are **VACATED**.

It is further **ORDERED** that defendant City of Mount Pleasant's second revised offer of judgment and plaintiffs Maness and Stewart's acceptance thereof is rejected in part.

It is further **ORDERED** that construed as stipulation for a preliminary injunction pending a judicial determination of the constitutionality of section 436.1703(6), such request [dkt # 55] is **GRANTED**.

It is further **ORDERED** that defendant City of Mount Pleasant, its agents, servants, and employees, and all persons in active concert with it, are **RESTRAINED AND ENJOINED** from enforcing Mich. Comp. Laws § 436.1703(6) to the extent that it authorizes police officers to force minor, non-drivers to submit to warrantless breathalyzer tests upon penalty of a civil infraction until such time as there has been a final judicial determination or declaration as to the constitutionality of the section 436.1703(6).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: May 31, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2006.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---