UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATIE ANNE PLATTE, ASHLEY BERDEN,
CULLIN STEWART, and SAMUEL
PAUL MANESS,

        Plaintiffs,

v.

Case Number 05-10200-BC
Honorable David M. Lawson

THOMAS TOWNSHIP, a Municipal Corporation;
CITY OF MOUNT PLEASANT, a Municipal
Corporation; STANLEY A. DINUS, in his official
capacity as Director 1 Chief of Police of the
Central Michigan University Police Department;
ISABELLA COUNTY, a Municipal Corporation;
JENNIFER M. GRANHOLM, in her Official
Capacity as Governor of the State of Michigan;
COLONEL TADARIAL STURDIVANT, in his
Official Capacity as Director of the Michigan
Department of State Police,

        Defendants.
_____/

### ORDER REJECTING IN PART DEFENDANT SAGINAW COUNTY'S THIRD REVISED OFFER OF JUDGMENT AND PLAINTIFFS' ACCEPTANCE THEREOF AND GRANTING STIPULATION FOR PRELIMINARY INJUNCTION

    This matter is before the Court on defendant Saginaw County's third revised offer of judgment pursuant to Federal Rule of Civil Procedure 68 and the plaintiffs' notice of acceptance of that offer. Under the terms of the offer, defendant Saginaw County agrees to pay a judgment in the amount of $5000 to the plaintiffs inclusive of all costs and attorneys fees incurred to the present date. Saginaw County further agrees to the plaintiffs' request for preliminary injunction, which would prohibit the County from enforcing Mich. Comp. Laws § 436.1703(6) to the extent that it authorizes police officers to force minor, non-drivers to submit to warrantless breathalyzer tests

upon penalty of a civil infraction. The injunction would continue until such time as there has been a final judicial determination or declaration as to the constitutionality of the section 436.1703(6). If the statute is declared unconstitutional, defendant Saginaw Count states it will agree to a permanent injunction.

Rule 68 permits "a party defending against a claim [to] serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued" provided such offer is tendered at least ten days before trial. The Clerk of Court is to enter judgement "[i]f within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted" and either party files "the offer and notice of acceptance together with proof of service thereof[.]" Fed. R. Civ. P. 68

After reviewing the offer of judgment and acceptance, the Court is troubled by the form of judgment to which the parties have stipulated. The offer of judgment appears contingent upon a declaration of the constitutionality of section 436.1703. As a general rule, an offer of judgment may not be based on contingencies, such as the occurrence or non occurrence of certain events in the future. *Arkla Energy Resources, a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 860 (10th Cir. 1993) (noting that an ambiguous offer is insufficient under Rule 68); *United States v. Bauman*, 56 F. Supp. 109, 117 (D. Or. 1943) (explaining that "[t]he principle is followed that a judgment must be certain . . . unconditional in effect. Even in declaratory judgments the courts do not attempt to fix rights which are contingent or uncertain as to definite fulfillment. Instead, no judgment is rendered until the rights have become fixed under an existing state of facts"). Because the offer of judgment is contingent upon future events, it likely does not satisfy Rule 68.

Instead of rejecting the parties' proposed offer and acceptance, the Court will construe the

parties' submissions as a stipulation for a preliminary injunction. The issue concerning a permanent injunction and an award of money damages is one appropriately resolved by judicial decision as to the constitutionality of the challenged statute and not by an offer judgement under Rule 68 based on contingencies.

Accordingly, it is **ORDERED** that defendant Saginaw County's third revised offer of judgment and the plaintiffs' acceptance thereof is rejected in part.

It is further **ORDERED** that construed as stipulation for a preliminary injunction pending a judicial determination of the constitutionality of section 436.1703(6), such request [dkt # 62] is **GRANTED**.

It is further **ORDERED** that defendant Saginaw County, its agents, servants, and employees, and all persons in active concert with it, are **RESTRAINED AND ENJOINED** from enforcing Mich. Comp. Laws § 436.1703(6) to the extent that it authorizes police officers to force minor, non-drivers to submit to warrantless breathalyzer tests upon penalty of a civil infraction until such time as there has been a final judicial determination or declaration as to the constitutionality of the section 436.1703(6).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 31, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---